UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ACCEPTANCE INDEMINTY INSURANCE COMPANY, § § § | | |
| *Plaintiff*, § § | | |
| V. § § | CIVIL ACTION NO. 2:19-cv-195 | |
| JAMES D. GONZALEZ; GONMAD BEVERAGE CONCEPTS, LLC D/B/A IZZY'S BAR & PATIO; NATALIE GOMEZ, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF ROCKY GOMEZ, DECEASED, AND AS NEXT FRIEND OF P.R. GOMEZ, A MINOR; VIRGIL GOMEZ; PATRICIA GOMEZ; AND LAUREN GUTIERREZ AS NEXT FRIEND OF P. GOMEZ, MINOR. § § § § § § § § § § § § | | |
| *Defendant*. § | | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Acceptance Indemnity Insurance Company ("Acceptance"), files this Complaint for Declaratory Judgment against James D. Gonzalez and Gonmad Beverage Concepts, LLC d/b/a Izzy's Bar & Patio (collectively, "Gonmad"); Natalie Gomez, individually and on behalf of the estate of Rocky Gomez, Deceased, and as next friend of P.R. Gomez, a minor; Virgil Gomez; Patricia Gomez; and Lauren Gutierrez as next friend of P. Gomez, a minor, and respectfully shows:

## NATURE OF THE SUIT

1. This matter involves an insurance coverage dispute arising out of a lawsuit filed on October 6, 2017 by the survivors of Rocky Gomez, styled *Natalie Gomez et al. v. James Gonzalez d/b/a Izzy's Bar & Patio and Gonmad Beverage Concepts LLC d/b/a Izzy's Bar & Patio*; in the Nueces County Court, Texas (the "Underlying Lawsuit") for the death of Rocky Gomez, who allegedly crashed his vehicle after being over-served alcohol by Gonmad's employees.

Acceptance issued a policy of insurance to Gonmad under which it has been providing a defense to James D. Gonzalez and Gonmad Beverage Concepts, LLC in the Underlying Lawsuit.[1]

2. The Acceptance policy contains two coverage parts: the commercial general liability and liquor liability. The Acceptance policy's commercial general liability coverage part excludes from coverage bodily injury or property damage for liquor-related liability. Pursuant to the Texas Mandatory Seller Training Conditions endorsement, any coverage afforded by the Acceptance policy's liquor liability coverage part is void if any of Gonmad's managers and alcohol-serving staff do not maintain valid Texas Alcoholic Beverage Commission ("TABC") seller training certification or if Gonmad fails to keep on file certain written records relating to the TABC training.

3. As of the date of the incident giving rise to the Underlying Lawsuit, certain of Gonmad's managers and alcohol-serving staff did not maintain valid TABC seller training certification, and Gonmad failed to keep on file the requisite written records. Consequently, any coverage afforded by the liquor liability coverage part is void. The Acceptance policy does not provide coverage for the Underlying Lawsuit, and Acceptance does not have a duty to defend or indemnify Gonmad.

## PARTIES

4. Plaintiff Acceptance is incorporated and has its principal place of business in Nebraska.

5. Defendant Gonmad Beverage Concepts, LLC d/b/a Izzy's Bar & Patio is a Texas limited liability company with its principal place of business in Texas. Its sole member, James D. Gonzalez, is a resident and citizen of Texas. Service of process upon Gonmad can be effectuated

---

[1] A copy of the Acceptance policy is attached hereto as Exhibit A and incorporated by reference.

by serving its registered agent, James D. Gonzalez, at its registered office: 4535 South Padre Island Drive, Suite 2, Corpus Christi, Texas 78411.

6. Defendant James D. Gonzalez is a resident and citizen of Texas who can be served at 4540 County Rd 81, Robstown, Texas 78380 or wherever he may be found.

7. Defendant Natalie Gomez a/k/a Natalie Enderlie, individually and on behalf of the estate of Rocky Gomez and as next friend of P.R. Gomez, a minor, is a resident and citizen of Texas who can be served at 7218 Lake Rhapsody Circle, Corpus Christi, Texas 78418 or wherever she may be found.

8. Defendant Virgil Gomez is a resident and citizen of Texas who can be served at 5718 Crestland Dr., Corpus Christi, Texas 78415 or wherever he may be found.

9. Defendant Patricia Gomez is a resident and citizen of Texas who can be served at 5718 Crestland Dr., Corpus Christi, Texas 78415 or wherever she may be found.

10. Defendant Lauren Gutierrez, as next friend of P. Gomez, a minor, is a resident and citizen of Texas who can be served at 5906 Goldeneye Dr., Corpus Christi, Texas 78413 or wherever she may be found.

## JURISDICTION AND VENUE

11. Acceptance seeks a declaratory judgment regarding insurance coverage under 28 U.S.C. § 2201 and pursuant to Federal Rule of Civil Procedure 57.

12. This Court has original diversity jurisdiction over this matter under 28 U.S.C. §1332. Plaintiff is a citizen of Nebraska and defendants are citizens of Texas; thus, complete

diversity exists among the parties. Furthermore, the amount in controversy in this case, exclusive of interest and costs, exceeds $75,000.[2]

13.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 124(b)(6) because the defendants in this case reside within Nueces County, Texas, a county embraced by the Southern District of Texas, and the Corpus Christi Division in particular. Venue is also proper in this Court under 28 U.S.C. § 1391(b)(2) because the events giving rise to the Underlying Suit took place in Nueces County, Texas, and the Underlying Suit gives rise to the present suit.

## FACTS

**A.     The Policy**

14.     Acceptance issued policy number CL00217449 to "Gonmad Beverage Concepts, LLC DBA: Izzy's Bar & Patio" for the period beginning on May 10, 2017.  The policy contains a commercial general liability coverage part and a liquor liability coverage part.

15.     The insuring agreement of the commercial general liability coverage part provides, in relevant part:

> SECTION I – COVERAGES
>
> COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY
>
> 1.     Insuring Agreement
>
>     a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no

---

[2]     In their Original Petition, attached as Exhibit B, the Survivors allege damages over $1,000,000.  The Survivors also specify that "the injuries to and consequent death of Rocky Gomez and the damages sustained by Plaintiffs, which are in an amount far in excess of the minimum $75,000.00 jurisdictional limits of the federal courts."

>duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

16. The commercial general liability coverage part contains a liquor liability exclusion, which states:

>2. Exclusions
>
>This insurance does not apply to:
>
>\*\*\*
>
>b. Liquor Liability
>
>>"Bodily injury" or "property damage" for which any insured may be held liable by reason of:
>>
>>(1) Causing or contributing to the intoxication of any person;
>>
>>(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
>>
>>(3) Any statute, ordinance or regulations relating to the sale, gift, distribution or use of alcoholic beverages.

17. The insuring agreement for the liquor liability coverage part provides, in pertinent part, as follows:

>SECTION I – LIQUOR LIABILITY COVERAGE
>
>1. Insuring agreement
>
>>a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "injury" to which this insurance applies if liability for such "injury" is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "injury" to which this insurance does not apply. We may, at our

5

>discretion, investigate any "injury" and settle any claim or "suit" that may result.

18. The liquor liability coverage part was modified by endorsement entitled Texas Mandatory Seller Training Conditions. This endorsement states:

> Pursuant to **Section 106.14 of the TEXAS ALCOHOLIC BEVERAGE CODE**, individual owners who are directly involved in the day-to-day operation, management, and/or service of alcoholic beverages, managers and any other employee position of the named insured engaged in the sale of alcoholic beverages not specifically identified herein must attend and complete an accredited Texas Alcoholic Beverage Commission ("TABC") seller training program and proof of successful completion of the training must be on file with the named insured at the time of loss. The named insured must maintain written records of the employees' successful completion of the training program. The named insured will not hire or retain any person engaged in the sale of alcoholic beverages who fails to take or pass the accredited TABC seller training program. (A copy of **Section 106.14 of the TEXAS ALCOHOLIC BEVERAGE CODE** is attached hereto as **Exhibit "A"** for the named insured's reference)
>
> Prior to the expiration of a valid TABC seller training certificate, the named insured will require any and all employees whose certificates are up for expiration to attend and successfully complete an accredited TABC seller training program. In the event that a valid seller training certificate does expire, the named insured will not permit the employee whose certificate has expired to work in any capacity until the employee has attended and successfully completed an accredited TABC seller training program. This provision is mandatory and the named insured must maintain written records of the employees' successful completion of any additional seller training program. These written records must be on file with the named insured at the time of loss.
>
> Outside of the above-mentioned duties and obligations, the named insured represents and warrants that it will not directly or indirectly encourage its employees to violate the Texas Alcoholic Beverage Code or the Rules of the Texas Alcoholic Beverage Commission.
>
> **Failure to comply with the requirement will void any and all coverage afforded under the LIQUOR LIABILITY COVERAGE PART.[3]**

19. Accordingly, this endorsement voids any coverage under the liquor liability coverage part if:

---

[3] Emphasis in original.

6

- Any manager or employee "position" engaged in the sale of alcohol did not attend and complete accredited TABC seller training;

- Proof of successful completion of the training is not on file with the named insured at the time of the loss;

- The named insured hires or retains "any person engaged in the sale of alcoholic beverages who fails to take or pass the accredited TABC seller training program";

- The named insured fails to require any employee whose TABC seller training certificate is up for expiration to attend and successfully complete an accredited TABC seller training program;

- The named insured permits an employee whose valid TABC seller training certificate has expired to continue working "in any capacity" until the employee has attended and successfully completed an accredited TABC seller training program;

- Written records of successful completion of additional TABC seller training is not on file with the named insured at the time of the loss; or

- The named insured "directly or indirectly encourage[s] its employees to violated the Texas Alcoholic Beverage Code or the Rules of the Texas Alcoholic Beverage Commission."

The provision is expressly "mandatory," and the Texas Mandatory Seller Training Conditions states in all-bold "**[f]ailure to comply with the requirement will void any and all coverage afforded under the LIQUOR LIABILITY COVERAGE PART.**"

**B.     The Underlying Lawsuit**

20.   On October 6, 2017, Rocky Gomez's survivors (Natalie Gomez, individually and on behalf of the estate of Rocky Gomez and as next friend of P.R. Gomez, a minor; Virgil Gomez; Patricia Gomez; and Lauren Gutierrez as next friend of P. Gomez, a minor) (collectively, the "Survivors") filed the Underlying Lawsuit in the Nueces County Court of Texas.

21.   Survivors allege in the Underlying Lawsuit that:

> On or about May 12, 2017, Rocky Gomez (deceased) was served alcohol in excess at GonMad Beverage Concepts Limited Liability

7

Company d/b/a Izzy's Bar & Patio in Corpus Christi, Nueces County, Texas. The employees, agents and servants of Izzy's Bar, served Rocky Gomez (deceased) past to the point where he obviously became intoxicated to the extent that he presented a clear danger to himself and to others. Despite his dangerous level of intoxication, Rocky Gomez was allowed to continue to consume alcohol and eventually leave the premises and drive home.

Specifically, Rocky Gomez was the driver of a 2013 Chevrolet Silverado when he left the premises of Izzy's Bar in Corpus Christi, Texas. While driving home from Izzy's Bar, east bound on 7100 Lake Placid in Corpus Christi, Texas, Mr. Gomez lost control of his vehicle and struck the railing of a bridge and sustained catastrophic injuries. At the time of his death, Mr. Gomez's BAC level was .248, three times the legal limit.

* * *

## V. NEGLIGENCE PER SE AND NEGLIGENCE DEFENDANTS

At all times relative to the complaint, the Defendants were in the business of selling alcohol, and did sell and/or provide alcohol to Rocky Gomez on the fateful night made the basis of this lawsuit. At the time the provision occurred, it was apparent to Defendants and their employees, agents, and servants that Rocky Gomez was obviously intoxicated to the extent that he presented a clear danger to himself and the public at large.

Moreover, the Defendants directly and indirectly encouraged its employees to violate the law and serve Rocky Gomez while he was obviously intoxicated to the extent that he presented a clear danger to himself and others.

The aforementioned acts and omissions of the Defendants constitute negligence per se because they violate Texas Alcoholic Beverage Code § 2.02.

As such Defendants and its employees, agents and servants were negligent as detailed above and such negligence was a proximate cause of the accident made the basis of this suit, the injuries to and consequent death of Rocky Gomez and the damages sustained by Plaintiffs, which are in an amount far in excess of the minimum $75,000.00 jurisdictional limits of the federal courts. The negligent acts include, but are not limited to, the following acts or omissions:

a. Negligently serving alcohol to Rocky Gomez;

b. Negligently allowing Rocky Gomez to drink alcohol at its location;

  c. Negligently serving alcohol to Rocky Gomez when he was intoxicated (over serving the patron);

  d. Allowing the patron to leave the premises with a BAC level of approximately .248;

  e. Failing to adequately train its employees, agents and servants; and

  f. Directly and indirectly encouraging its employees, agents and servants to violate the law by habitually over serving its patrons.

22. Based on their allegations, the Survivors asserted claims of negligence, negligence *per se*, wrongful death and survival. The Survivors' negligence *per se* claim is predicated upon the alleged violation of the duty of care laid out in Texas Alcoholic Beverage Code § 2.02.

**C.** **Facts Relevant to Void Coverage Under Liquor Liability Coverage Part**

23. Rocky Gomez's death occurred on or about May 12, 2017.

24. At the time of the loss, each of Gonmad's managers and other employee positions engaged in the sale of alcoholic beverages did not hold a valid TABC seller training certification.

25. At the time of the loss, "proof of successful completion of the training" was not on file with Gonmad.

26. Gonmad did not "maintain written records of the employees' successful completion of the training program."

27. Gonmad hired and retained persons engaged in the sale of alcoholic beverages who either failed to take or pass the accredited TABC seller training program.

28. Gonmad did not require "any and all employees whose certificates are up for expiration to attend and successfully complete an accredited TABC seller training program" prior to the expiration of the TABC seller training certificate.

9

29. Gonmad permitted employees whose TABC certificates had expired to work before the employees attended and successfully completed an accredited TABC seller training program.

30. Gonmad did not maintain written records of its employees' successful completion of any additional seller training program.

31. At the time of the loss, written records of Gonmad's employees' successful completion of any additional seller training program were not on file with Gonmad.

32. As a result of Gonmad's failure to comply with the mandatory provisions of the Texas Mandatory Seller Training Conditions endorsement, as set forth in paragraphs 22 through 30, any coverage afforded under the liquor liability coverage form is void.

## CLAIMS

### Count 1: Declaratory Judgment Regarding Liquor Liability Coverage Part

33. Acceptance incorporates paragraphs 1 through 32 by reference.

34. As detailed above, Gonmad has failed to comply with the express conditions of coverage under the liquor liability coverage part, as set forth in the Texas Mandatory Seller Training Conditions endorsement.

35. The failure to comply with the requirements of the Texas Mandatory Seller Training Conditions endorsement voids any coverage afforded under the liquor liability coverage part.

36. Pursuant to 28 U.S.C. § 2201, Acceptance seeks a declaration that any coverage afforded to James D. Gonzalez and Gonmad Beverage Concepts, LLC under the Acceptance policy's liquor liability coverage part is void.

### Count 2: Declaratory Judgment on Duty to Defend

37. Acceptance incorporates paragraphs 1 through 36 by reference.

38. As detailed in paragraph 20, the Survivors have alleged in the Underlying Lawsuit that Gonmad and its employees "served Rocky Gomez (deceased) past to the point where he obviously became intoxicated to the extent that he presented a clear danger to himself and to others." [sic].

39. Coverage for the Underlying Lawsuit is barred under the Acceptance policy's commercial general liability coverage part by application of the liquor liability exclusion, which excludes from coverage bodily injury "for which any insured may be held liable by reason of:

(1) Causing or contributing to the intoxication of any person;

(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

(3) Any statute, ordinance or regulations relating to the sale, gift, distribution or use of alcoholic beverages

40. Coverage for the Underlying Lawsuit is also barred under the Acceptance policy's liquor liability coverage part because Gonmad's failure to comply with the requirements of the Texas Mandatory Seller Training Conditions endorsement, as described in paragraphs 22 through 30, voided any and all coverage afforded under the liquor liability coverage part.

41. Pursuant to 28 U.S.C. § 2201, Acceptance seeks a declaration that Acceptance owes no duty to defend James D. Gonzalez or Gonmad Beverage Concepts, LLC in the Underlying Lawsuit either under the general liability or liquor liability coverage parts.

### Count 3: Declaratory Judgment on Duty to Indemnify

42. Acceptance incorporates paragraphs 1 through 41 by reference.

43. The same provisions which negate a defense obligation on the part of Acceptance with respect to the Underlying Lawsuit likewise negate any possibility that Acceptance will have a duty to indemnify James D. Gonzalez or Gonmad Beverage Concepts, LLC in connection with the Underlying Lawsuit.

44. Pursuant to 28 U.S.C. § 2201, Acceptance seeks a declaration that Acceptance does not have a duty to indemnify James D. Gonzalez or Gonmad Beverage Concepts, LLC in connection with the Underlying Lawsuit.

## **BASIS FOR JOINDER OF THE SURVIVORS**

45. The Survivors are indispensable parties to this insurance coverage declaratory judgment action.

46. The Survivors (Natalie Gomez, individually and on behalf of the estate of Rocky Gomez, Deceased, and as next friend of P.R. Gomez, a minor; Virgil Gomez; Patricia Gomez; and Lauren Gutierrez as next friend of P. Gomez, a minor) have an interest in this declaratory judgment action because an adjudication of no coverage will affect what recovery, if any, the Survivors may receive in the Underlying Lawsuit.

47. Acceptance has an interest in joining the Survivors to this declaratory judgment action so the Survivors will be bound by the result, and coverage will not have to be re-litigated in a separate suit following conclusion of the Underlying Lawsuit.

48. Accordingly, Acceptance joins the Survivors as required interested-party defendants.

## **JURY DEMAND**

49. Acceptance demands a trial by jury on all questions of fact, if any.

## **PRAYER**

WHEREFORE, Acceptance Indemnity Insurance Company prays that it be granted the following relief from this Court:

1) A declaration that any coverage afforded to James D. Gonzalez and Gonmad Beverage Concepts, LLC under the Acceptance policy's liquor liability coverage part is void;

2)  A declaration that Acceptance does not owe James D. Gonzalez or Gonmad Beverage Concepts, LLC a defense in connection with the Underlying Lawsuit under the policy;

3)  A declaration that Acceptance does not have a duty to indemnify James D. Gonzalez or Gonmad Beverage Concepts, LLC in connection with the Underlying Lawsuit;

4)  Costs of court; and

5)  All other and further relief, at law or in equity, to which Acceptance may be justly entitled.

Respectfully submitted,

*s/ Joseph A. Ziemianski*
Joseph A. Ziemianski
Attorney-in-Charge
Texas State Bar No. 00797732
Federal Bar No. 25915
COZEN O'CONNOR
LyondellBasell Tower
1221 McKinney Street, Suite 2900
Houston, Texas 77010
Telephone: (832) 214-3900
Facsimile: (832) 214-3905
E-mail: jziemianski@cozen.com

ATTORNEY FOR ACCEPTANCE INDEMNITY INSURANCE COMPANY